## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SHOES BY FIREBUG LLC, | § | |
| | § | |
| Plaintiff, | § | CAUSE NO. 4:16-cv-00899 |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| STRIDE RITE CHILDREN'S GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Shoes by Firebug LLC ("Plaintiff" or "Firebug") files this Original Complaint against Defendant Stride Rite Children's Group, LLC ("Defendant" or "Stride Rite") for infringement of United States Patent No. 8,992,038 and United States Patent No. 9,301,574.

## THE PARTIES

1.      Plaintiff Shoes by Firebug LLC is a Texas limited liability company with a principal place of business located at 14100 Southwest Freeway, Suite 360, Sugar Land, Texas 77478.

2.      On information and belief, Defendant Stride Rite Children's Group, LLC is a Massachusetts limited liability company with a principal place of business at 500 Totten Pond Road, Waltham, MA 02451. Defendant's Registered Agent in the State of Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

3.      On information and belief, Defendant is engaged in the business of designing, manufacturing, and selling footwear for children.  Defendant owns and operates at least two retail store locations in this District under the "Stride Rite" trade name, including retail stores

located at 6121 W. Park Blvd., Plano, Texas 75093 and 820 W. Stacy Rd., Allen, Texas 75013. Defendant also owns and operates an online retail store available at http://www.striderite.com, which is directed to residents of Texas, including those residing within the Eastern District of Texas, as well as residents of other states across the United States.  On information and belief, Defendant has sold and offered for sale—and continues to sell and offer for sale—products, including the infringing products identified below, to residents of the State of Texas and of this District through its physical and online retail stores.  On information and belief, Defendant further sells products, including the infringing products, to physical and online retailers who, in turn, sell such products to residents of Texas and of this District.

## NATURE OF THE ACTION

4.     This is a civil action for infringement of United States Patent No. 8,992,038 (the '038 Patent) and United States Patent No. 9,301,574 (the '574 Patent) arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant resides in this District, Defendant has purposefully sold and offered to sell infringing products in this District, and Defendant has a regular and established place of business in this District.

7.     This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in and directed toward the State of Texas, including in this District and/or has engaged in continuous and systematic activities in the

State of Texas, including in this District.  In addition, Defendant has placed infringing products in the stream of commerce with the knowledge and/or understanding that such products are used and sold in this District.

## BACKGROUND

8.      Plaintiff Firebug is engaged in the business of designing, developing, and selling fashionable, light-up footwear.  Plaintiff's founder, Roy Robert Smith III, has pioneered numerous advances in light-up shoe technology and is, at the time of filing, a named inventor on six United States Patents.

9.      The '038 Patent, titled "Internally Illuminated Light Diffusing Footwear," was duly and legally issued by the United States Patent and Trademark Office on March 31, 2015. A copy of the '038 Patent is attached hereto as Exhibit A.

10.      Firebug is the exclusive owner of all rights, title, and interest in the '038 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement thereof.

11.      The '574 Patent, titled "Internally Illuminated Light Diffusing Footwear," was duly and legally issued by the United States Patent and Trademark Office on April 5, 2016.  A copy of the '574 Patent is attached hereto as Exhibit B.

12.      Firebug is the exclusive owner of all rights, title, and interest in the '574 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement thereof.

## COUNT ONE:  INFRINGEMENT OF THE '038 PATENT

13.      Firebug realleges and incorporates by reference the above allegations.

14.      Firebug has ownership of all rights in the '038 Patent, including the right to exclude others from making, using, selling, and offering to sell the claimed invention throughout

the United States, the right to prevent others from importing the claimed invention into the United States, the right to enforce the '038 Patent, and the right to sue and recover damages for past and future infringement thereof.

15.     The '038 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

16.     In addition to, or in the alternative to the allegations in Count 2, below, and on information and belief, Defendant has directly and/or indirectly infringed and continues to infringe at least Claim 1 of the '038 Patent in this judicial District and elsewhere within the United States without the consent or authorization of Firebug by making, using, selling, offering to sell, and/or importing into the United States internally illuminated light diffusing footwear, including, but not limited to:   1) Stride Rite Racer Lights Light-Up Sneakers; 2) Stride Rite Marvel Avengers Light-Up Sneakers; 3) Stride Rite Marvel Avengers Iron Man Light-Up Athletic Shoe; 4) Stride Rite Marvel Avengers Hulk Light-Up Sneakers; 5) Stride Rite Ultimate Spider Man Light-Up Sneakers; and 6) Stride Rite Spider-Man Spidey Reflex Light-Up Shoes (collectively, and including other similar internally illuminated light diffusing footwear, the "Accused Products").

17.     The Accused Products are internally illuminated textile footwear comprising a sole and an upper.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below is an internally illuminated textile footwear comprising a footwear further comprising a sole and an upper.



18.     The Accused Products further comprise an illumination system which comprises a power source and a plurality of illumination sources.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below further comprises an illumination system which comprises a power source and a plurality of illumination sources.



19.    The Accused Products further comprise a liner.  By way of example only, the Stride Right Racer Lights Light-Up Sneaker depicted below comprises a liner.



20.    The Accused Products further comprise a structure, which structure further comprises an interfacing layer and a batting.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises a structure, which structure further comprises an interfacing layer and a batting.



**ORIGINAL COMPLAINT**                                                                                    **Page 6 of 27**



interfacing
layer

batting

21.     The Accused Products further comprise a structure being adjacently connected to the upper.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises a structure being adjacently connected to the upper.



upper

structure

22.     The Accused Products further comprise a structure being positioned between the liner and the upper.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises a structure being positioned between the liner and the upper.



23.     The Accused Products further comprise the interfacing layer being positioned adjacent to the liner.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the interfacing layer being positioned adjacent to the liner.



24.   The Accused Products further comprise the batting being adjacently connected to the interfacing layer opposite the liner.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the batting being adjacently connected to the interfacing layer opposite the liner.



25.   The Accused Products further comprise the interfacing layer being reflective.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the interfacing layer being reflective.



reflective
interfacing
layer

26.    The Accused Products further comprise the batting being light diffusing.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the batting being light diffusing.



light
diffusing
batting

diffused
light

27.     The Accused Products further comprise the plurality of illumination sources being adjacently connected to the interfacing layer.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the plurality of illumination sources being adjacently connected to the interfacing layer.



28.     The Accused Products further comprise the plurality of illumination sources being positioned between the interfacing layer and the batting.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the plurality of illumination sources being positioned between the interfacing layer and the batting.



29.     The Accused Products further comprise the upper being perimetrically connected to the sole.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the upper being perimetrically connected to the sole.

upper

sole



30.     The Accused Products further comprise the liner being positioned interior to the upper.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the liner being positioned interior to the upper.

liner

upper



31.     The Accused Products further comprise the upper being light diffusing.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the upper being light diffusing.

upper
being light
diffusing



diffused
light

32.    The Accused Products further comprise the illumination system being housed within the footwear.  By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the illumination system being housed within the footwear.

illumination
system
housed
within the
footwear





illumination
system
housed
within the
footwear

33.     The Accused Products further comprise the plurality of illumination sources emitting light, wherein the light first entering the batting and being diffused by the batting, the light diffused by batting exits the batting, enters the upper, diffused again by the upper and then exits the upper, the twice diffused light creating a visual impression of internal radiant illumination across an outer surface area of the upper.   By way of example only, the Stride Rite Racer Lights Light-Up Sneaker depicted below comprises the plurality of illumination sources emitting light, wherein the light first entering the batting and being diffused by the batting, the light diffused by batting exits the batting, enters the upper, diffused again by the upper and then exits the upper, the twice diffused light creating a visual impression of internal radiant illumination across an outer surface area of the upper.

internal
radiant
illumination
across an
outer surface
area of the
upper



34.     On information and belief, Defendant had knowledge of Plaintiff's products embodying the '038 Patent since at least 2013, when Plaintiff or its agents sent Stride Rite representatives marketing materials and video links depicting Plaintiff's products and other information about Plaintiff and its light-up shoe technology.   Plaintiff repeatedly informed Defendant that its products were, as applicable, patented or patent pending.  In 2015, Plaintiff provided Defendant with physical samples of products embodying the patented inventions of the '038 Patent.  At all times, Defendant refused to license Plaintiff's '038 Patent directed to light-up shoe technology.

35.     On information and belief, Defendant had knowledge of the '038 Patent and of its infringing conduct since at least January 29, 2016, when Plaintiff provided actual notice to Defendant via written correspondence.   Plaintiff's January 29, 2016 letter to Defendant specifically identified the '038 Patent, enclosed a copy of the '038 Patent, and identified representative Stride Rite shoes that infringed the '038 Patent.   On or about May 3, 2016, Plaintiff further provided claim charts to Defendant specifically identifying how each limitation of Claim 1 of the '038 Patent was met by Defendant's infringing shoes.   Defendant never responded to Plaintiff's May 3, 2016 correspondence and thereby refused to license Plaintiff's '038 Patent directed to light-up shoe technology.

36.     On information and belief, Defendant's acts of infringement of the '038 Patent have been egregious, willful, and/or intentional.  Since at least January 29, 2016, Defendant has refused to license Plaintiff's '038 Patent and continues to infringe the '038 Patent.

37.     Firebug has suffered and is suffering damages as a result of Defendant's wrongful acts in an amount yet to be determined.  Defendant is liable to Firebug in an amount that adequately compensates Firebug for Defendant's infringement, which, by law, cannot be less

than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38.     Defendant's acts of infringement are causing irreparable harm to Firebug and will continue to cause irreparable harm unless enjoined.

## COUNT TWO: INFRINGEMENT OF THE '574 PATENT

39.     Firebug realleges and incorporates by reference the above allegations.

40.     Firebug has ownership of all rights in the '574 Patent, including the right to exclude others from making, using, selling, and offering to sell the claimed invention throughout the United States, the right to prevent others from importing the claimed invention into the United States, the right to enforce the '574 Patent, and the right to sue and recover damages for past and future infringement thereof.

41.     The '574 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

42.     In addition to or in the alternative to the allegations in Count 1, above, and on information and belief, Defendant has directly and/or indirectly infringed and continues to infringe at least Claim 1 of the '574 Patent in this judicial District and elsewhere within the United States without the consent or authorization of Firebug by making, using, selling, offering to sell, and/or importing into the United States internally illuminated light diffusing footwear, including, but not limited to the Accused Products.

43.     The Accused Products are internally illuminated textile footwear comprising a sole and an upper.  By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below is an internally illuminated textile footwear comprising a sole and an upper.



upper

sole

44.     The Accused Products further comprise an illumination system.   By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises an illumination system.



illumination system

Illumination system

45.     The Accused Products further comprise an illumination system comprising a power source and a plurality of illumination sources.  By way of example only, the Stride Rite

Ultimate Spider Man Sneaker depicted below comprises an illumination system comprising a power source and a plurality of illumination sources.



46.     The Accused Products further comprise a liner.   By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises a liner.



47.     The Accused Products further comprise an interfacing layer.  By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises an interfacing layer.



interfacing
layer

48.     The Accused Products further comprise the interfacing layer being adjacently connected to the upper.  By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises the interfacing layer being adjacently connected to the upper.



interfacing
layer

upper

49.     The Accused Products further comprise the interfacing layer being positioned between the liner and upper.  By way of example only, the Stride Rite Ultimate Spider Man

Sneaker depicted below comprises the interfacing layer being positioned between the liner and upper.



50.     The Accused Products further comprise the plurality of illumination sources being adjacently connected to the interfacing layer.  By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises the plurality of illumination sources being adjacently connected to the interfacing layer.



51.     The Accused Products further comprise the plurality of illumination sources being positioned between the interfacing layer and the upper.  By way of example only, the Stride Rite

Ultimate Spider Man Sneaker depicted below comprises the plurality of illumination sources being positioned between the interfacing layer and the upper.



52.     The Accused Products further comprise the upper being perimetrically connected to the sole.   By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises the upper being perimetrically connected to the sole.



53.     The Accused Products further comprise the liner being positioned interior to the upper.   By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises the liner being positioned interior to the upper.



liner

upper

54.     The Accused Products further comprise the upper being a light diffusing section. By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises the upper being a light diffusing section.

upper
being light
diffusing





diffused
light

55.     The Accused Products further comprise the illumination system being housed within the footwear.  By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises the illumination system being housed within the footwear.



illumination
system

illumination
system

56.     The Accused Products further comprise the plurality of illumination sources emitting light, wherein the light enters the light diffusing section, then exits the upper as diffused light, creating a visual impression of internal radiant illumination across an outer surface of the upper.   By way of example only, the Stride Rite Ultimate Spider Man Sneaker depicted below comprises the plurality of illumination sources emitting light, wherein the light enters the light diffusing section, then exits the upper as diffused light, creating a visual impression of internal radiant illumination across an outer surface of the upper.

internal radiant illumination across an outer surface of the upper —



57.     On information and belief, Defendant had knowledge of Plaintiff's products embodying the '574 Patent since at least 2015, when Plaintiff provided Defendant with physical samples of products embodying the patented inventions of the '574 Patent.   At all times, Defendant refused to license Plaintiff's '574 Patent directed to light-up shoe technology.

58.     On information and belief, Defendant had knowledge of the '574 Patent and of its infringing conduct since at least May 3, 2016, when Firebug provided claim charts to Defendant specifically identifying how each limitation of Claim 1 of the '574 Patent was met by Defendant's infringing shoes.   Defendant never responded to Plaintiff's May 3, 2016 correspondence and thereby refused to license Plaintiff's '574 Patent directed to light-up shoe technology.

59.     On information and belief, Defendant's acts of infringement of the '574 Patent have been egregious, willful, and/or intentional.   Since at least May 3, 2016, Defendant has refused to license Plaintiff's '574 Patent and continues to infringe the '574 Patent.

60.     Firebug has suffered and is suffering damages as a result of the Defendant's wrongful acts in an amount yet to be determined.   Defendant is liable to Firebug in an amount that adequately compensates Firebug for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

61.     Defendant's acts of infringement are causing irreparable harm to Firebug and will continue to cause irreparable harm unless enjoined.

## JURY DEMAND

62.     Shoes by Firebug LLC hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Shoes by Firebug LLC requests the Court find in its favor and against Defendant, and grant it the following relief:

A.     A judgment that Defendant has infringed one or more claims of the '038 Patent and/or the '574 Patent, directly and/or indirectly, either literally and/or under the doctrine of equivalents;

B.     A judgment and order requiring Defendant to account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

C.     A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages for willful infringement of the '038 Patent and the '574 Patent and any royalties determined to be appropriate;

D.     A finding that this is an exceptional case and a judgement and order awarding Plaintiff its reasonable attorneys' fees;

E.      A permanent injunction enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with Defendant from direct and/or indirect infringement of the '038 Patent and the '574 Patent pursuant to 35 U.S.C. § 283;

F.      A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on damages awarded; and

G.      Such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  November 22, 2016

Respectfully submitted,

**GRIFFITH BATES CHAMPION
& HARPER LLP**

*/s/ Austin Champion*
Austin Champion
Texas Bar No. 24065030
austin.champion@griffithbates.com
---
Casey Griffith
Texas Bar No. 24036687
casey.griffith@griffithbates.com

5910 N. Central Expressway, Suite 1050
Dallas, Texas 75206
214-238-8400 | Main
214-238-8401 | Fax

-and-

**STANDLY | HAMILTON, LLP**

Christopher S. Hamilton
Texas Bar No. 24046013
chamilton@standlyhamilton.com
---
Jodie Slater Hastings
Texas Bar No. 24046862
jhastings@standlyhamilton.com

325 N. St. Paul Street, Suite 3300
Dallas, Texas 75201
214-234-7900 | Main
214-234-7300 | Fax