# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHOES BY FIREBUG LLC <br><br> v. <br><br> STRIDE RITE CHILDREN'S GROUP, LLC | § <br> § <br> § Civil Action No. 4:16-CV-00899 <br> § Judge Mazzant <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Shoes by Firebug LLC's Motion for Leave to File First Amended Complaint (Dkt. #25). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

This case arises from Plaintiff's allegations that Defendant Stride Rite Children's Group infringed two patents owned by Plaintiff—United States Patent Nos. 8,992,038 ("the '038 Patent") and 9,301,574 ("the '574 Patent"). Plaintiff filed its original complaint (Dkt. #1) on November 22, 2016, and Defendant filed its answer and filed counterclaims (Dkt. #9) on March 22, 2017. According to the Court's Scheduling Order (Dkt. #15), the Court set July 14, 2017 as the deadline to add parties and September 8, 2017 as the last date to file amended pleadings, as long as accompanied with a motion for leave to amend. On September 6, 2017, Plaintiff filed its Motion for Leave to File First Amended Complaint (Dkt. #25) and its Amended Complaint (Dkt. #26). In its Amended Complaint, Plaintiff seeks to add Defendant's parent company, Wolverine World Wide, Inc. ("Wolverine"), as a defendant. On September 20, 2017, Defendant filed its Response (Dkt. #30) to Plaintiff's Motion for Leave. Subsequently, Plaintiff filed its Reply (Dkt. #33) on September 27, 2017, and Defendant filed its Sur-Reply (Dkt. #35) on October 4, 2017.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party "may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Here, the only factor Defendant contests is "futility." Specifically, Defendant claims futility exists because venue is improper as to Wolverine. Conversely, Plaintiff argues futility does not exist because its amended complaint states a claim upon which relief could be granted.

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility exists when the amended complaint "fail[s] to state a claim upon which relief could be granted." *Id.* at 873; *see also Mason*

*v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016). In determining futility, the Court applies "the same standard of legal sufficiency as applie[d] under Rule 12(b)(6)." *Id.* As such, the question "is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Stripling*, 234 F.3d at 873 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

Here, Plaintiff alleges Wolverine infringed both the '038 and '574 Patents. (Dkt. #26 at ¶¶ 5–6, 9, 46–47, 71–72). Specifically, Plaintiff asserts Wolverine actively induced Defendant to infringe both patents. (Dkt. #26 at ¶¶ 46–47, 71–72). In addition, Plaintiff claims Wolverine did so with knowledge of the patents or with willful blindness that its action encouraged such infringement. (Dkt. #26 at ¶¶ 46–47, 71–72). Viewing these allegations in a light most favorable to the Plaintiff and resolving all doubts in its behalf, the Court finds Plaintiff pleaded a valid claim for relief.

Defendant argues venue is improper thereby making Plaintiff's amendment futile. As explained above, futility is not dependent upon venue considerations. As such, the Court finds this is neither the time nor the place to make such arguments. Accordingly, an analysis addressing such assertions at this time is inappropriate.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. #25) is hereby **GRANTED**. Plaintiff's First Amended Complaint (Dkt. #26) is hereby deemed filed on September 6, 2017.

**SIGNED this 18th day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE