# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

SHOES BY FIREBUG LLC § §
v. § Civil Action No. 4:16-CV-00899
§ Judge Mazzant
STRIDE RITE CHILDREN'S GROUP, LLC § § § §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Stride Rite Children's Group LLC's Motion to Stay Proceedings Pending *Inter Partes* Review (Dkt. #24). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

### BACKGROUND

This case arises from Plaintiff Shoes by Firebug LLC's allegations that Defendant infringed two patents owned by Plaintiff—United States Patent Nos. 8,992,038 ("the '038 Patent") and 9,301,574 ("the '574 Patent"). On July 18, 2017, Defendant filed two petitions with the Patent Trial and Appeal Board ("PTAB") for *inter partes* review. *See* Dkt. #24, Exhibits 3 and 4. The PTAB has not yet acted on Defendant's petitions, but is expected to provide decisions regarding whether or not to institute review by or about January 2018.

On September 6, 2017, Defendant filed this Motion to Stay (Dkt. #24). Plaintiff filed its response (Dkt. #31) on September 20, 2017, and Defendant filed its reply (Dkt. #34) on September 28, 2017.

### LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's

docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

## ANALYSIS

Where a motion to stay is filed before the PTAB institutes any proceeding, courts often withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice to allow refiling in the event that the PTAB institutes a proceeding. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (citing *Checkfree Corp. v. Metavante Corp.*, No. 12-cv-15, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014)); *see also NFC Techs.*, 2015 WL 1069111, at *6. Indeed, this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings. *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay.").

Based on these circumstances, the Court concludes that Defendant's motion is premature, and a stay of these proceedings in advance of the PTAB's decision on whether or not to grant the petitions for *inter partes* review should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Stay Proceedings Pending *Inter Partes* Review (Dkt. #24) is hereby **DENIED WITHOUT PREJUDICE**.

**SIGNED this 18th day of October, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE